IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

LANDON WHITFIELD,

                              Petitioner,                    OPINION AND ORDER

    v.

WARDEN E. EMMERICH,                                          25-cv-411-wmc

                              Respondent.

Petitioner Landon Whitfield is an inmate incarcerated by the United States Bureau of Prisons ("BOP") at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"). Representing himself, Whitfield has filed a federal habeas corpus petition under 28 U.S.C. § 2241 to challenge the administration of his sentence. (Dkt. ##1-2.) Specifically, Whitfield contends that the BOP has improperly delayed his placement in a Residential Reentry Center ("RRC") or halfway house due to lack of bed space. For the reasons explained below, the petition will be denied and this case will be dismissed.

OPINION

Petitioner is currently incarcerated as the result of a federal conviction for possession with intent to distribute fentanyl and possession of a firearm in furtherance of a drug-trafficking crime. *See United States v. Landon A. Whitfield*, Dkt. #81 in No. 4:19-CR-946 (E.D. Mo.). In a judgment imposed on September 21, 2021, petitioner received a sentence of 84 months' imprisonment, followed by a 3-year term of supervised release in that case. (*Id.*) His projected release date is October 23, 2025. (Dkt. #2-5, at 2.)

Petitioner does not challenge his underlying conviction or the calculation of his sentence. Here, petitioner alleges that he was reviewed for placement in an RRC and given a placement date of April 24, 2025. (Dkt. #2, at 3.) A few days before he was scheduled to be transferred to an RRC, however, petitioner's case manager advised him that his placement date was rescinded and changed to May 1, 2025. Shortly thereafter, petitioner was told that his placement date was again rescinded and reset for July 23, 2025. Petitioner was told that the delays were due to a lack of available bed space at his designated RRC facility. (Dkt. #2-1, at 1.)

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution of his sentence. *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain a writ of habeas corpus, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Before seeking relief in federal court, however, a prisoner must exhaust administrative remedies. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (observing that the "common-law exhaustion rule applies to § 2241 actions"); *Clemente v. Allen,* 120 F.3d 703, 705 (7th Cir. 1997) (per curiam) (courts may "review a claim concerning the computation of a sentence only after administrative remedies have been exhausted").

To exhaust administrative remedies, a prisoner incarcerated by the BOP must first file an informal complaint with institution staff. 28 C.F.R. § 542.13(a). If the complaint is not resolved informally, a prisoner must file an administrative remedy request on a BP-

9 form at the institution where he is incarcerated.  28 C.F.R. § 542.14(a).  If the prisoner is unsatisfied with the warden's response to his BP-9, he may submit an appeal to the Regional Director on a BP-10 form within 20 days.  28 C.F.R. § 542.15(a).  If the prisoner is unsatisfied with the Regional Director's response, he may submit an appeal on a BP-11 form to the Office of General Counsel within 30 days.  *Id.*  Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief.  *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

Petitioner pursued informal resolution and then filed an administrative remedy request with the warden on May 2, 2025, seeking reinstatement of his original RRC placement date.  (Dkt. #2-1, at 1-2.)  In response, the warden explained that his placement date was changed to July 23, 2025, due to "limited community resources," and further advised that RRC placement dates were not determined locally, but by the Residential Re-Entry Managers ("RRM") Office.  (Dkt. #2-1, at 3.)  Petitioner filed an appeal to the regional director on May 12, 2025 (dkt. #2-1, at 4), complaining that the delay was "unfair," but then filed his federal habeas corpus petition three days later without waiting for a response.

Petitioner concedes that he did not complete all steps of the administrative remedy process before filing his petition.  (Dkt. #1, at 3.)  Although petitioner argues that exhaustion would be futile because his planned placement date at an RRC has passed and that he would be prejudiced by any further delay, he does not show that issues regarding his designated RRC's capacity are not capable of resolution through completion of the administrative remedy process.  Petitioner's frustration is understandable, but his

3

speculation that pursuing exhaustion will prove unsuccessful doesn't show that exhaustion would be futile. *See Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try." (emphasis omitted)). Therefore, he does not show that exhaustion should be excused.

Ultimately, however, the petition must be dismissed because it is without merit. Petitioner contends that he is entitled to immediate placement in an RRC under the Second Chance Act ("SCA"). The SCA allows for a federal prisoner's pre-release placement in a halfway house for up to 12 months and requires the BOP to make an individual determination that ensures the placement is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6)(C). Specifically, it requires the BOP to issue regulations ensuring that RRC placement decisions are made: (1) consistent with the five factors enumerated in 18 U.S.C. § 3621(b);[1] (2) on an individualized basis; and (3) so that the duration of the placement

---

[1] Section § 3621(b) states as follows:

(b) Place of Imprisonment. -- The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering --

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -- (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility

period gives the inmate the greatest likelihood of successful community reintegration. 18 U.S.C. § 3624(c)(6). Nevertheless, the decision to transfer a prisoner pursuant to § 3621(b) remains discretionary. *See Daraio v. Lappin*, No. 3:08CV1812, 2009 WL 303995 at *6 (D. Conn. Feb. 9, 2009) (BOP "retains discretion under the Second Chance Act to decide whether and when an inmate should be placed at an RRC, provided such pre-release confinement is practicable and the BOP considers the statutory factors").

Here, petitioner has provided exhibits which show that the BOP conducted a review of the five factors found in § 3621(b) and recommended placing petitioner in an RRC for a range of 181 to 270 days. (Dkt. #2-2, at 2.) Those exhibits confirm that petitioner had an initial "RRC date" of April 24, 2025. (*Id*.) Arguing that the delays are arbitrary and violate due process, petitioner asks the court to intervene and order his immediate placement in an RRC. As explained briefly below, the petition does not state a claim for which relief may be granted under § 2241.

To the extent that petitioner raises a substantive due process claim requesting immediate placement in an RRC, it is well established that prisoners have no constitutional right to placement in any particular prison, custody classification, or housing assignment.

---

as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28 . . .

. . . Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

18 U.S.C. § 3621(b).

*See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see also Sclafani v. Kane*, 2020 WL 4676414, at *3 (E.D.N.Y. Aug. 12, 2020) ("Although Congress enacted the Second Chance Act to improve prisoner reentry into society and reduce recidivism, . . . the Act did not alter the BOP's discretion and did not give prisoners an enforceable liberty interest in pre-release home confinement." (internal citation omitted)).  Likewise, "[t]here is no constitutional or inherent right for a convicted person to be conditionally released before expiration of a valid sentence." *Thompson v. Veach*, 501 F.3d 832, 835-36 (7th Cir. 2007) (quoting *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979)).

Nor does petitioner demonstrate a violation of procedural due process in light of the exhibits showing that BOP officials considered the five factors found in 18 U.S.C. § 3621(b) when deciding his RRC placement date.  (Dkt. #2-2, at 2.)  The fact that BOP considered community resources at his designated facility is not unlawful or an abuse of discretion, as § 3621(b)(1) expressly allows consideration of facility resources, and § 3621(b) does not otherwise "preclude the consideration of factors beyond those set forth in the statute." *Miller v. Whitehead*, 527 F.3d 752, 757-58 (8th Cir. 2008).

Finally, to the extent that petitioner is asking this court to order his placement in an RRC, the court does not have jurisdiction to entertain such a request.  *See Decker v. Sproul*, No. 3:24-cv-2211, 2025 WL 438832, at *2 (S.D. Ill. Jan. 10, 2025) (dismissing a habeas petition filed by a federal prisoner whose RRC placement date was rescinded); *Grover v. Kallis*, No. 18-cv-1259, 2019 WL 113866, at *3 (C.D. Ill. Jan. 4, 2019) (citing *Tylman v. Roal*, No. 12-CV-80863, 2013 WL 171073, at *2 (S.D. Ill. Jan. 16, 2013) (reconsideration of an "RRC designation by the BOP is all the remedy that" a petitioner

filing a § 2241 petition can achieve) (internal citation omitted)).  For all of the foregoing reasons, the petition must be denied and this case will be dismissed.

## ORDER

IT IS ORDERED that:

1.  The federal habeas corpus petition filed by Landon Whitfield (dkt. #1) is DENIED and this case is DISMISSED.

2.  The clerk of court shall enter judgment and close this case.

Entered on this 30th day of June, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

7